# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 2:13-cr-00002-MR-DLH-3

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| KANDACE RHEAN GRIFFIN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's letter [Doc. 152], which the Court construes as a motion for a judicial recommendation to the Bureau of Prisons.

In her motion, the Defendant argues that the Bureau of Prisons has incorrectly calculated her jail credit, thereby extending his release date. [Doc. 152].

The Attorney General, not the sentencing court, is responsible for computing a prisoner's credit. United States v. Wilson, 503 U.S. 329, 335 (1992). A prisoner seeking review of the computation of her sentence credit must first seek administrative review of that computation through the Bureau of Prisoners. Only after such administrative remedies have been exhausted

can a prisoner then seek judicial review of her sentence computation. Id. Further, because "[a] claim for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself," United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989), such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a).

Accordingly, the Defendant should address her inquiry regarding the status of her sentence to the Bureau of Prisons. Once her BOP administrative remedies have been exhausted, the Defendant may seek judicial review in the district of her confinement.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 152], which the Court construes as a motion, is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge